UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EVELYN E. CARNAHAN and STANLEY CARNAHAN, III<br><br>Plaintiffs,<br><br>v.<br><br>BOB EVANS RESTAURANTS, LLC,<br><br>Defendant. | Cause No. 3:22-cv-525<br><br>**JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

Defendant BOB EVANS RESTAURANTS, LLC ("Defendant"), by and through undersigned counsel, removes this case to the United States District court of the Southern District of Illinois pursuant to 28 U.S.C. §§ 1441 and 1446, and state as follows:

## STATE COURT ACTION

1. On January 25, 2022, Plaintiffs filed a Complaint in the Circuit Court of the 20th Judicial Circuit, Illinois, in St. Clair County, Illinois, in Case No. 22-LA-0070 against Bob Evans Restaurants, LLC.

2. Defendant acknowledged service of the Summons and Complaint on February 15, 2022.

3. Plaintiffs allege that Plaintiff Evelyn E. Carnahan was injured on or about February 28, 2021, when she slipped and fell and was injured in Defendant Bob Evans Restaurants, LLC's restaurant located in Fairview Heights, St. Clair County, Illinois as a result of the negligence of

1

Defendant. Plaintiff Stanley Carnahan, III is alleging a loss of consortium as a result of the injuries alleged by Plaintiff Evelyn E. Carnahan due to the negligence of Defendant.

## BASIS FOR FEDERAL JURISDICTION

4. This Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Defendant and Plaintiffs and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

### *Diversity of Citizenship*

5. Plaintiff are alleged to be a married couple living in and residents of the State of Illinois. Upon information and belief, Plaintiffs' motor vehicle is registered in the State of Illinois. Defendant's investigation confirms that Plaintiffs are not only a resident of Illinois but is a citizen of the State of Illinois with the requisite intent of living within the state "over the long run." See *Heinen v. Northrop Grumman Corp*, 671 F.3d 669, 670 (7th Cir. 2012).

6. Defendant is a citizen of Ohio, as it is a corporation organized under the laws of Delaware and maintains its principal place of business in Ohio. (*See Exhibit A – Affidavit of Jim Roberts*).

### *Amount in Controversy*

7. Pursuant to state-court rules of pleading, Plaintiff did not specify the exact amount of damages sought. However, in the Complaint, Plaintiffs ask for damages in an amount in excess of $30,000.00." *See Exhibit B – Petition for Damages filed in Circuit Court of Illinois, St. Clair County, Illinois)*. Plaintiffs' counsel also filed an affidavit pursuant to Rule 222 (B) certifying that Plaintiffs were seeking damages in excess of $50,000.00. *See Exhibit C – Affidavit Pursuant to Supreme Court Rule 222 (B)*.

8.	Where a complaint discloses little about the value of the claims, the court may consider opposing counsel's "good faith estimate of the stakes, . . . if it is plausible and supported by a preponderance of the evidence." if contested. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). "Once a defendant in a removal case has established the requisite amount in controversy, the plaintiff can defeat jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id*. (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

9.	In this action brought by the Plaintiffs for injuries allegedly sustained as a result of the occurrence described in Plaintiffs' Complaint.  In the Complaint, Plaintiff Evelyn E. Carnahan has alleged 'significant injuries' some of which are 'severe' to her left knee, neck, middle and lower back, spine, and left pelvis area, which caused her 'expend sums of money' and future expenses. (*Exhibit B* ¶¶ 26, 27, 28, and 29.)  It can reasonably be ascertained that Plaintiff Evelyn E. Carnahan will seek damages in excess of $75,000. Additionally, it is not anticipated that Plaintiffs will contest that damages in excess are being sought in the case.

10.	In *Clark v. DG Retail, LLC*, this Court found that allegations of severe injuries to the plaintiff's head, neck, back, shoulder, knee, and "soft tissues of the cervical, shoulder, and lumbar area, including the muscles, ligaments, tendons, and nerves," combined with allegations that Plaintiff sought past and future medical damages, past and future pain and suffering, and impairment of future earning capacity satisfied the amount in controversy. *Clark v. DG Retail, LLC*, No., 2019 WL 5800279, at *2 (S.D. Ill. Nov. 7, 2019). Indeed, the Court found that such allegations were sufficient to make it obvious from the face of the complaint that the case was

removable and that defendant did not need to conduct any additional discovery to confirm the amount in controversy. *Id*.

11. Here, Plaintiffs alleges Plaintiff Evelynn E. Carnahan sustained severe, permanent, and debilitating injuries. Plaintiff alleged injuries far exceed those injuries alleged by the plaintiff in *Clark v. DG Retail*. Here, Plaintiff Evelyn E. Carnahan alleges that she sustained 'significant injuries' some of which are 'severe' to her left knee, neck, middle and lower back, spine, and left pelvis area. Additionally, Plaintiff alleges that as a result of the claimed injuries she has suffered damages including, but not limited to, the medical expenses she has incurred for treatment of injuries, future medical expenses, and past and future pain and suffering. Additionally, Plaintiff Stanley Carnahan III alleges loss of consortium claims as a result of the incident, alleging there is a 'strain on their marriage,' 'emotional distress,' and significant mental anguish related to his wife's injures as well as 'financial instability.'

## TIMELINESS OF REMOVAL

12. Defendant Bob Evans Restaurants, LLC acknowledged service of Plaintiffs' Complaint on February 15, 2022.

13. This removal is timely under 28 U.S.C. § 1446(b), as Defendant files this removal on March 16, 2022, —within thirty days from first receiving a copy of the Complaint.

## FILING & NOTICE REQUIREMENTS

14. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendant in the state court action are filed as *Exhibit D*.

15. As required by 28 U.S.C. § 1446(d), counsel for Defendant contemporaneously files a Notice of Filing with the Circuit Court for the Twentieth Judicial District of Illinois, in St.

Clair County, Illinois, which will advise the state court and Plaintiffs of this removal. A copy of such notice, without exhibits, is attached as *Exhibit D*.

## CASE ASSIGNMENT SUGGESTION

16. Bob Evans Restaurants, LLC suggests that this case be assigned to the East St. Louis Division, the Division which encompasses St. Clair County, Illinois, where the occurrence referred to in Plaintiffs' Complaint occurred.

WHEREFORE, Defendant Bob Evans Restaurants, LLC removes this action to this Court and respectfully requests that this Court award such further relief as this Court deems appropriate and just.

**DEFENDANT DEMANDS TRIAL BY JURY.**

Respectfully submitted,

By: Emily C. O'Connor
Thomas R. Peters, #06195055
Emily C. O'Connor, #06317285
REIFERS, HOLMES, & PETERS
5000 West Main Street
PO Box 23560
Belleville, IL  62223
Telephone: (618) 277-9000
Facsimile: (618) 277-4594
tpeters@rhpfirm.com
eoconnor@rhpfirm.com

*Attorneys for Bob Evans Restaurants, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of March 2022, the foregoing was filed electronically using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record:

Daniel V. Zdrodowski
SHENANDOAH LAW FIRM, LLC
225 S. Meramec, Suite 502
Clayton, Missouri  63105
Email:  daniel@shenandoahlawfirm.com

                                                   Emily C. O'Connor
                                                   Emily C. O'Connor