Electronically Filed
Marie Zaiz
Circuit Clerk
Jennifer Davlin
22LA0070
St. Clair County
1/25/2022 4:25 PM
16439289

## CIRCUIT COURT OF ILLINOIS
## 20TH JUDICIAL CIRCUIT
## ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| **EVELYN E. CARNAHAN,** ) <br> ) <br> and ) <br> ) <br> **STANLEY CARNAHAN, III** ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> **BOB EVANS RESTAURANTS, LLC** ) <br> <u>Serve at:</u> Registered Agent ) <br> CT Corporation System ) <br> 208 South LaSalle Street, Suite 814 ) <br> Chicago, Illinois 60604 ) <br> ) <br> Defendant. ) <br> ) | Cause No. __22LA0070__ <br><br> Div. No. _____ <br><br> **JURY TRIAL DEMANDED** |

## **PETITION FOR DAMAGES**

COMES NOW, Plaintiffs, Evelyn E. Carnahan (hereinafter as "Plaintiff") and Stanley Carnahan, III (hereinafter as "Plaintiff Spouse" and, collectively with Plaintiff, as "Plaintiffs"), by and through their attorney, Daniel V. Zdrodowski, and for their Petition for Damages against Defendant Bob Evans Restaurants, LLC, states the following to the Court:

### **PARTIES**

1. At all times relevant hereto, Plaintiffs were citizens and residents of the State of Illinois.

2. At all times relevant hereto, Plaintiffs have been a lawfully married couple.

EXHIBIT B

3. At all times relevant hereto, Defendant Bob Evans Restaurants, LLC, including it agents, officers, staff, employees, and servants (hereinafter as "Defendant") was and remains a business incorporated in the State of Ohio, and licensed to do business in the State of Illinois.

4. At all times relevant hereto, Defendant owned and/or managed, maintained, staffed, supervised, and operated Bob Evans Store Number 365, which is a restaurant open to the public in St. Clair County, Illinois.

## JURISDICTION AND VENUE

5. The allegations contained in all aforementioned paragraphs are hereby realleged and incorporated as if fully set forth herein.

6. This Court has personal jurisdiction over Defendant because the acts, events, and conduct giving rise to the claims asserted in this lawsuit occurred in St. Clair County, Illinois.

7. This Court has subject matter jurisdiction because this cause of action arises under the laws of the State of Illinois.

8. Venue is proper in this Court because the claims alleged herein accrued in St. Clair County, Illinois.

## FACTUAL BACKGROUND COMMON TO ALL COUNTS

9. The allegations contained within all aforementioned paragraphs are hereby realleged and incorporated as if fully set forth herein.

10. At all times relevant hereto, the building and/or structure and real property at Bob Evans Store Number 365, located at 10 Ludwig Drive, Fairview Heights, Illinois 62208 (hereinafter as "Premises"), was owned and/or managed, maintained, staffed, supervised, and operated by Defendant.

11. At all times relevant hereto, Defendant was vicariously liable for the acts, failures, and omissions of their employees and/or agents under the doctrine of *respondeat superior*.

12. At all times relevant hereto, Defendant was responsible for the maintenance of the Premises, including keeping common areas free from foreseeable hazards, which were known or should have been known, and that were likely to cause serious injury to Plaintiff and others similarly situated.

13. At approximately 10:30 AM on February 28th, 2021, Plaintiff was an invitee of Defendant, and was walking through the Premises.

14. Plaintiff exercised all requisite reasonable care while walking through the Premises to her table to dine.

15. The weather outside was wet and rainy throughout the day.

16. At the aforesaid time and place, the tile flooring of a busy walkway in the Premises was wet due to the aforementioned rain.

17. There were no caution and/or warning signs posted to alert and/or warn Plaintiff and others similarly situated of the wet flooring and the wet flooring was not barricaded in any way.

18. At the aforesaid time and place, Plaintiff slipped on the aforementioned wet flooring, falling forward directly and striking her left knee on the hard tile flooring (hereinafter as "Incident").

19. The Incident caused significant physical injuries to Plaintiff's left knee, neck, middle and lower back, spine, and left pelvis area.

20. Immediately after the Incident, an employee of Defendant directed a fan towards the wet flooring in an attempt to dry the area.

21. An individual that was dining at the Premises stated to Plaintiff that she almost fell on the same wet flooring, and had witnessed the Incident.

## COUNT I: PREMISES LIABILITY
**(Plaintiff Evelyn E. Carnahan)**

22. The allegations contained within all aforementioned paragraphs are hereby realleged and incorporated as if fully set forth herein.

23. As the owner and/or operator of the Premises, who had control and responsibility for the Premises, along with its maintenance, inspections, repairs, and fitness, Defendant had a duty to take all reasonable measures to ensure that the Premises was free from dangerous hazards likely to pose a foreseeable risk of serious bodily injury, that such hazards were removed in a timely fashion, that such hazards were sufficiently barricaded, and/or that proper warning of such hazards were given to Plaintiff and others similarly situated.

24. Defendant breached their duty of care to Plaintiff and others similarly situated by failing to ensure that the Premises was free from dangerous hazards likely to pose a foreseeable risk of serious bodily injury, that any such hazards were removed in a timely fashion, that such hazards were sufficiently barricaded, and/or that proper warning of such hazards were given to Plaintiff and others similarly situated.

25. Defendant breached said duty and were thereby negligent by:

   a. Negligently disregarding a known or foreseeable hazard that posed a risk of serious bodily injury to Plaintiff and others similarly situated by failing to inspect the walkways for wet flooring with reasonable regularity;

   b. Negligently disregarding a known or foreseeable hazard that posed a risk of serious bodily injury to Plaintiff and others similarly situated by failing to remove the water on the flooring in the walkway;

    c. Failing to adequately barricade access to the wet flooring, when Defendant knew or reasonably should have known that such barricades were necessary to prevent serious bodily injury to Plaintiff and those similarly situated;

    d. Failing to adequately warn Plaintiff and other similarly situated individuals of a dangerous condition and/or hazard thereon, when Defendant knew or should have known that such a warning was necessary to prevent serious bodily injury to Plaintiff and those similarly situated;

    e. Allowing areas of the Premises, including the common walkways, to remain in a dangerous condition for an unreasonable length of time; and

    f. Otherwise failing to take preventative measures to ensure that the Premises remained in such a condition that did not pose a danger of serious bodily injury to Plaintiff and those similarly situated.

26. As a direct and proximate result of the negligence, carelessness, failures, and omissions of Defendant, Plaintiff sustained significant injuries, some of which are severe and/or permanent in nature to her left knee, neck, middle and lower back, spine, and left pelvis area.

27. As a direct and proximate result of the negligence, carelessness, failures, and omissions of Defendant, Plaintiff has been caused to expend sums of money for reasonable and necessary medical care, for which she has become indebted.

28. As a direct and proximate result of the negligence, carelessness, failures, and omissions of Defendant, Plaintiff will be caused to undergo further reasonable and necessary medical care, for which she will become indebted.

29. As a direct and proximate result of the negligence, carelessness, failures, and omissions of Defendant, Plaintiff has suffered and will in the future endure physical pain and

suffering, mental anguish, loss of life enjoyment, stress, inconvenience, sleep deprivation, and emotional distress as a result of her bodily injuries.

WHEREFORE, Plaintiff Evelyn E. Carnahan prays for judgment against Defendant Bob Evans Restaurants, LLC in excess of Fifteen Thousand Dollars ($15,000.00), together with pre-judgment interest in accordance with 735 ILCS § 5/2-1303, post-judgment interest, and for any such other and further relief as this Honorable Court deems just and proper under the circumstances.

### COUNT II: LOSS OF CONSORTIUM
**(Plaintiff Spouse Stanley Carnahan, III's Claim Derivative of Plaintiff Evelyn E. Carnahan's Injuries)**

30. The allegations contained within all aforementioned paragraphs are hereby realleged and incorporated as if fully set forth herein.

31. As a direct and proximate result of the Defendant's negligence, and Plaintiff's resulting injuries, Plaintiff Spouse has suffered damages, for which he is entitled to compensation, as he had been deprived and will continue to be deprived of the services of his wife to which he is lawfully entitled, and has suffered and continues to suffer the loss of this spouse's consortium, society, services, companionship, comfort, care, intimacy, love, affection, and support that would normally be available.

32. As a direct and proximate result of Defendant's negligence, Plaintiff's resulting injuries, Plaintiff could no longer perform certain household duties, including cooking, cleaning, and laundry.

33. As a direct and proximate result of Defendant's negligence and Plaintiff's resulting injuries, Plaintiffs have been forced to endure severe strain on their marriage, interpersonal

relationship, intimacy, emotional distress, and significant mental anguish due to their diminished sexual intimacy since the Incident.

34. As a direct and proximate result of Defendant's negligence and Plaintiff's resulting injuries, Plaintiffs have been forced to endure financial instability due to the reasonable and necessary medical costs incurred as a result of the Incident.

WHEREFORE, Plaintiff Stanley Carnahan, III prays for judgment against Defendant Bob Evans Restaurants, LLC in excess of Fifteen Thousand Dollars ($15,000.00), together with pre-judgment interest in accordance with 735 ILCS § 5/2-1303, post-judgment interest, and for any such other and further relief as this Honorable Court deems just and proper under the circumstances.

Respectfully submitted,

**SHENANDOAH LAW FIRM, LLC**

*/s/ Daniel V. Zdrodowski*
Daniel V. Zdrodowski–IL Bar #6321779
225 S. Meramec, Suite 502
Clayton, Missouri 63105
PH:   (314) 346-3824
FX:   (314) 742-7242
EM:   daniel@shenandoahlawfirm.com
***ATTORNEY FOR PLAINTIFFS***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed with the Clerk of Court using the Illinois Electronic Filing System, this Tuesday, January 25, 2022.

*/s/ Daniel V. Zdrodowski*